UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JODI KUHNKE,

        Plaintiff,

  v.                                              Case No. 19-cv-629-pp

NANCY BERRYHILL,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3) AND REQUIRING PLAINTIFF TO PAY PARTIAL FILING FEE**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she has the ability to pay a partial filing fee. The plaintiff indicates that she is married and that both she and her spouse are employed; together their wages total $5,280 per month before taxes. Dkt. No. 3 at 1-2. The plaintiff's states that monthly expenses total $3,306.34 (mortgage payment of $520, car payment of $202.34, credit card payment(s) of $122, household expenses of

1

$2,165, personal loan payment of $172, and insurance payment of $125). Id. at 2-3. This would seem to leave a healthy amount of the couple's wages free to pay the filing fee in this case. However, the plaintiff states that she "just recently started [her] job and [they] are trying to get caught up on [their] bills." Id. at 4. The court will take the plaintiff's word that a good portion of the couple's income is being used to pay outstanding bills, but it concludes that there should be enough to pay a partial filing fee. The court will order the plaintiff to pay a partial filing fee of $200.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she is disabled and that the Commissioner's conclusions and findings of fact denying benefits to the plaintiff are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's

decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court **ORDERS** that by the end of the day on May 23, 2019, the plaintiff shall pay a partial filing fee of $200. If the court does not receive the filing fee by the deadline, it may dismiss this case for the plaintiff's failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 2nd day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**